2023 IL App (1st) 221499-U

No. 1-22-1499

Order filed May 31, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KAREN WARD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 L 2030 |
| | ) | |
| KUTAK ROCK, LLP, | ) | Honorable |
| | ) | Gerald Cleary, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the dismissal of plaintiff's negligent supervision claim against defendant law firm pursuant to section 2-615 of the Code of Civil Procedure because plaintiff failed to allege facts that made her attorney's sexual harassment and assault of her foreseeable to the firm that employed him.

¶ 2    Plaintiff, Karen Ward, sued the law firm Kutak Rock, LLP and its employee, attorney

Charles MacKelvie, alleging that MacKelvie sexually harassed and assaulted her while he was

representing her.[1] The circuit court granted Kutak Rock's motion to dismiss plaintiff's negligent supervision claim pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)), finding that plaintiff did not plead facts establishing that it was foreseeable to Kutak Rock that MacKelvie would sexually harass and assault her, so Kutak Rock did not have a duty to supervise MacKelvie for purposes of plaintiff's negligent supervision claim. On appeal, plaintiff argues that the Illinois Rules of Professional Conduct and public policy support a finding that Kutak Rock had a duty to supervise MacKelvie. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       Plaintiff's amended complaint, which is at issue in this appeal, alleged that MacKelvie was an employee of Kutak Rock with "of counsel" status. In February 2021, plaintiff retained Kutak Rock and MacKelvie to represent her in an appellate probate matter. The parties had a contingency fee agreement under which MacKelvie's "hourly fee would be taken from any amount recovered by" him, and "no amount would be due or owing until and unless there was a recovery of money in the probate case." However, the firm sent several bills to plaintiff, which she indicated that she could not pay, and MacKelvie responded that "there were other ways to pay for his services." MacKelvie then began a series of communications with plaintiff in which he said that he would only work on the appellate brief if plaintiff sent him naked photographs of herself. Plaintiff "felt pressure to send the naked photos of herself to [MacKelvie] as she needed the legal work to be completed in [a] timely fashion." In December 2021, MacKelvie demanded that plaintiff have sex with him at a hotel in Deerfield and said that he would not work on plaintiff's case if she refused.

_____

[1] Plaintiff and Kutak Rock are the only parties to this appeal. Plaintiff's claims against the estate of MacKelvie, who is deceased, are still proceeding in the circuit court. See *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 24 n. 4 (appellate court can take judicial notice of circuit court's online docket report).

Plaintiff alleged that MacKelvie forced her to have sex with him and "engaged in unwanted and inappropriate sexual contact with [her] that amounted to assault and battery," which caused her to develop depression and post-traumatic stress disorder.

¶ 5    Plaintiff's amended complaint alleged three counts: battery against MacKelvie, a Gender Violence Act (740 ILCS 82/10 (West 2020)) claim against MacKelvie, and negligent supervision against Kutak Rock. The negligent supervision claim alleged that Kutak Rock had a duty "to exercise a reasonable degree of care and supervision in supervising and managing" MacKelvie, and a general duty to supervise its employees "to make sure that they engage[d] in appropriate behavior and follow the law and the employer's rules and procedures." It also alleged that MacKelvie did not follow the firm's billing policies, rules, or ethical standards, and that Kutak Rock allowed him to do so.

¶ 6    Kutak Rock filed a section 2-615 motion to dismiss the negligent supervision claim. Kutak Rock argued that plaintiff failed to allege facts to establish that the firm had a duty to supervise MacKelvie. Specifically, plaintiff failed to allege that it was foreseeable to Kutak Rock that MacKelvie would force plaintiff to send naked photographs of herself and have sex with him in exchange for his legal work. Kutak Rock also argued that plaintiff did not allege facts establishing that the firm's alleged failure to supervise MacKelvie proximately caused her injury; rather, she alleged that MacKelvie's alleged sexual assault occurred at a hotel "miles away from Kutak [Rock]'s Chicago offices."

¶ 7    In response, plaintiff contended that, under the Illinois Supreme Court's decision in *Doe v. Coe*, 2019 IL 123521, employers have a general duty to supervise all employees, and that prior notice of an employee's unfitness is not required to impose that duty. Plaintiff argued that Kutak

Rock had a duty to ensure that MacKelvie followed the Illinois Rules of Professional Conduct, as well as the firm's own rules and procedures. In addition, plaintiff contended that proximate causation was a factual issue that had to be resolved by a jury.

¶ 8     The circuit court granted Kutak Rock's motion and dismissed plaintiff's negligent supervision claim with prejudice. The court found that plaintiff's amended complaint "fail[ed] to allege facts that the criminal conduct of MacKelvie was generally foreseeable to establish [Kutak Rock's] duty to supervise and prevent the criminal conduct of MacKelvie." Plaintiff did not allege that Kutak Rock had any indication that MacKelvie had a propensity to sexually harass and assault clients, or that he had done so in the past, or that the nature of MacKelvie's relationship with plaintiff made it foreseeable that he would do so. In support of the last point, the court reasoned that "the likelihood of the occurrence of an attorney sexually assaulting a client is extremely low such that this factor does not favor the imposition of a duty" to supervise on the attorney's firm. The court did not address proximate causation.

¶ 9     Plaintiff moved for a finding of finality pursuant to Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)), which the circuit court granted. Plaintiff timely appealed.

¶ 10                                    II. ANALYSIS

¶ 11     On appeal, plaintiff contends that the circuit court erred in dismissing her negligent supervision claim against Kutak Rock. A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint based on defects apparent on its face. *Doe v. Coe*, 2019 IL 123521, ¶ 31. We accept as true all well-pleaded facts in the complaint and reasonable inferences from those facts, and we construe the allegations of the complaint in the light most favorable to the plaintiff. *Id.* ¶ 20. However, Illinois is a fact-pleading jurisdiction, so the plaintiff must " 'must allege facts

sufficient to bring a claim within a legally recognized cause of action.' " *Id.* ¶ 32 (quoting *Vernon v. Schuster*, 178 Ill. 2d 338, 344 (1997)). Merely pleading conclusions is not sufficient. *Coe*, 2019 IL 123521, ¶ 32. A claim should only be dismissed pursuant to section 2-615 if it is clear that no set of facts can be proved that would entitle the plaintiff to recovery. *Id.* ¶ 31. We review the dismissal of a claim pursuant to section 2-615 *de novo* (*id.* ¶ 20), meaning that we perform the same analysis as the trial court (*Kapotas v. Better Government Ass'n*, 2015 IL App (1st) 140534, ¶ 26).

¶ 12    A negligent supervision claim is a cause of action against an employer for the employer's failure to reasonably supervise an employee. *Coe*, 2019 IL 123521, ¶ 33. To state a claim for negligent supervision, a plaintiff must allege that the employer (1) had a duty to supervise the employee, (2) negligently supervised the employee, and that (3) such negligence proximately caused the plaintiff's injuries. *Id.* ¶¶ 52, 61. The first element, Kutak Rock's duty to supervise MacKelvie, is at issue in this appeal. " 'Whether a duty exists is a question of law to be determined by the court.' " *Id.* ¶ 36 (quoting *Doe v. McKay*, 183 Ill. 2d 272, 278 (1998)). "[T]o impose a duty to supervise, only general foreseeability is required in an employment context." *Coe*, 2019 IL 123521, ¶ 61. "[F]oreseeability means that which is objectively reasonable to expect, not merely what might conceivably occur." *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 238 (2010). An employer's duty to supervise an employee arises when the employer knows or reasonably should know that the employee is likely to engage in dangerous conduct. *Coe*, 2019 IL 123521, ¶ 57. It is not necessary that the employer "have prior notice of a particular unfitness." *Id.* ¶ 61.

¶ 13　Plaintiff's amended complaint alleges that "it was the duty of [Kutak Rock] to exercise a reasonable degree of care and supervision in supervising and managing" MacKelvie. It also alleges that "it was the duty of [Kutak Rock] to generally supervise its employees, including [MacKelvie], to make sure that they engage[d] in appropriate behavior and follow[ed] the law and the employer's rules and procedures." These are conclusions, not facts. Plaintiff's amended complaint contains no facts suggesting that it was foreseeable to Kutak Rock that MacKelvie posed a risk of sexually harassing or assaulting female clients. Illinois is a fact-pleading jurisdiction, and it is not sufficient for plaintiff to simply recite that Kutak Rock had a duty of supervision without facts to support that claim.

¶ 14　Our supreme court's decision in *Coe* provides a helpful illustration of a properly pled negligent supervision claim. In that case, the plaintiff alleged that Coe, a church director of youth ministries, sexually assaulted her in a church basement when he was 31 and she was 15. *Coe*, 2019 IL 123521, ¶¶ 1, 14. The plaintiff alleged a negligent supervision claim against the church that employed Coe. *Id.* ¶ 48. The circuit court dismissed the negligent supervision claim and the appellate court reversed. *Id.* Our supreme court affirmed, concluding that the plaintiff adequately pled the church's duty to supervise Coe because (1) "it is generally foreseeable that abuse could occur in programs providing adults with unsupervised access to children" and (2) the plaintiff alleged that church leadership often saw Coe alone with her in his office and allowed them to remain alone together. *Id.* ¶¶ 62-63. The plaintiff also alleged that the church could have discovered Coe's use of child pornography websites by a Google search of his internet pseudonym, that Coe inappropriately touched church youth group members and showed them pornography,

and that church members confronted Coe about and reported his inappropriate behavior when they witnessed it. *Id.* ¶¶ 13-16.

¶ 15    *Coe* involved a relationship that presents an inherently foreseeable danger of sexual abuse: a relationship between an adult and a child in a religious organization. An attorney-client relationship between two adults does not present the same inherent danger or foreseeability. Moreover, plaintiff has not alleged facts establishing that Kutak Rock knew, could have known, or should have known that MacKelvie was behaving in a sexually inappropriate manner toward her. On the contrary, plaintiff alleges that MacKelvie's sexual harassment of her consisted of direct communications between her and him, and that the sexual assault occurred at a hotel in Deerfield, apparently with no connection to the firm or its offices. The complaint in *Coe* was much more factual, specific, and concrete than plaintiff's amended complaint in this case, which is why *Coe* does not compel reversal of the dismissal of plaintiff's negligent supervision claim.

¶ 16    This case is more analogous to *Dennis v. Pace Suburban Bus Service*, 2014 IL App (1st) 132397, in which the plaintiff alleged that she boarded a Pace bus while intoxicated, confused, and slipping in and out of consciousness. *Dennis*, 2014 IL App (1st) 132397, ¶¶ 1-2. Instead of calling for help, the bus driver took the plaintiff to his home and sexually assaulted her. *Id.* ¶ 2. The circuit court dismissed the plaintiff's negligent supervision claim against Pace and this court affirmed, explaining that the plaintiff "alleged no facts that Pace had any reason to know or even suspect that [the driver] would somehow entice a passenger off of the bus after his shift had ended, take her to his home and sexually assault her." *Id.* ¶ 25. This court found that the plaintiff's allegation that Pace had a general duty to prevent drivers from taking passengers home to sexually assault them was "entirely conclusory *** and insufficient to survive a 2-615 motion to dismiss." *Id.* ¶

25. The same is true of plaintiff's allegations in this case. Plaintiff's amended complaint, on its face, presents no facts establishing that Kutak Rock had reason to foresee, or even suspect, that MacKelvie would sexually harass and assault plaintiff.

¶ 17 Plaintiff's amended complaint suggests that Kutak Rock was on notice that *something* unusual was happening in MacKelvie's representation of plaintiff because the firm was not receiving payment on her file. Plaintiff alleges that she received multiple bills for MacKelvie's work, which she did not pay, because MacKelvie insisted on being compensated with sexual favors instead. However, she also alleges that she had a contingency fee agreement with Kutak Rock, under which MacKelvie's "hourly rate would be taken from any amount recovered by" him at the conclusion of her case. We struggle to understand why Kutak Rock would issue and expect payment of regular bills for MacKelvie's work if the firm was supposed to be paid on contingency. Even accepting these facts as true, they do not create a duty of supervision. The fact that Kutak Rock was not receiving payment for MacKelvie's work did not make it foreseeable that he would sexually harass and assault plaintiff. We cannot see, and plaintiff's briefs do not explain, the connection between these two things.

¶ 18 Plaintiff argues that Illinois Rule of Professional Conduct 5.1 imposed a duty of supervision upon Kutak Rock. Rule 5.1(b) provides that "[a] lawyer having supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." Ill. R. Prof'l Conduct (2010) R. 5.1(b) (eff. Jan. 1, 2010). Rule 5.1(c)(2) provides that a lawyer is responsible for another lawyer's violation of the Rules of Professional Conduct if "the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer,

and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action." Ill. R. Prof'l Conduct (2010) R. 5.1(c)(2) (eff. Jan. 1, 2010). From these provisions, plaintiff apparently infers that Kutak Rock's managing partners had a duty to supervise MacKelvie for purposes of her negligent supervision claim.

¶ 19    However, the Rules of Professional Conduct themselves defeat plaintiff's argument. The Rules' preamble states that a "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. *** [The Rules] are not designed to be a basis for civil liability." Ill. R. Prof'l Conduct (2010) Preamble (eff. Jan. 1, 2010). Consistent with this provision, Illinois courts have held that the Rules do not establish duties that give rise to civil causes of action. *Khoury v. Niew*, 2021 IL App (2d) 200388, ¶ 50; *Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181, ¶ 34. For example, in *Khoury*, the Second District rejected the plaintiff's argument that Rule 5.1 imposed a duty upon a law firm's president to inquire into another attorney's misuse of client funds. *Khoury*, 2021 IL App (2d) 200388, ¶ 52 ("the Rules do not create independent causes of actions against attorneys"). We apply the same reasoning to this situation. Rule 5.1 does not create a duty for Kutak Rock to supervise MacKelvie that can support plaintiff's negligent supervision claim.

¶ 20    Plaintiff also contends that that public policy supports the imposition of a duty to supervise in this case because " 'those who utilize legal services place a great deal of trust in their attorneys; consequently, the attorney-client relationship presents a significant potential for abuse.' " (quoting *Toushin v. Ruggerio*, 2012 IL App (1st) 192171, ¶ 63). As a general principle, we agree, and we strongly encourage law firms to do everything in their power to protect clients from sexual harassment by attorneys. However, that does not change our conclusion. The question is whether

plaintiff's amended complaint alleges facts that made it foreseeable to Kutak Rock that MacKelvie would sexually harass and assault plaintiff. It does not. Moreover, plaintiff cites no authority holding that the attorney-client relationship presents an inherent danger of sexual abuse such that attorneys sexually assaulting clients is always foreseeable to law firms. On the contrary, the commission of a serious crime, like sexual assault, is generally not foreseeable to an employer because an employee is not expected or employed to commit crimes. *Hills*, 195 Ill. 2d at 238. *Toushin* and the other case that plaintiff cites on this point, *DeLuna v. Burciaga*, 223 Ill. 2d 49 (2006), are not negligent supervision cases and they do not involve attorneys sexually assaulting clients, so they offer little guidance.

¶ 21 Next, Plaintiff argues that the circuit court failed to consider factors such the work performed, the employees performing it, the size of the employer's business, the type of work performed and the employer's clientele, which, according to *Coe*, bear on the extent to which an employer must supervise employees. *Coe*, 2019 IL 123521, ¶ 58. However, plaintiff's amended complaint alleges almost nothing about these factors; only that Kutak Rock is a law firm and that she was a client. We cannot draw legal conclusions from facts that plaintiff does not allege. The circuit court used the correct test to determine whether Kutak Rock had a duty to supervise for purposes of plaintiff's negligent supervision claim, which is whether MacKelvie's misconduct was foreseeable. See *id.* ¶ 61. As explained above, we agree with the circuit court's conclusion that MacKelvie's alleged criminal conduct was not foreseeable to Kutak Rock.

¶ 22 Plaintiff's citation to *Kling v. Landry*, 292 Ill. App. 3d 329 (1997), is unpersuasive. We agree with *Kling*'s conclusion that "an attorney breaches his fiduciary duty to his client by exploiting his position as an attorney to gain sexual favors." *Kling*, 292 Ill. App. 3d at 337.

However, negligent supervision claim is a direct claim against an employer for its own misconduct (*Coe*, 2019 IL 123521, ¶ 33), so the fact that MacKelvie breached his fiduciary duty to plaintiff does not mean that Kutak Rock had or breached a duty to supervise MacKelvie.

¶ 23    Plaintiff's reply brief contends that Kutak Rock "owed [her] a duty of care as a business invitee." Plaintiff did not make this argument in the circuit court or in her opening brief, so she has forfeited it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief").

¶ 24    We affirm based on plaintiff's failure to plead facts in support of Kutak Rock's duty to supervise MacKelvie, so we need not reach the parties' arguments regarding proximate causation.

¶ 25                                  III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27    Affirmed.