LAWRENCE ROLANDO *et al.*, Plaintiffs-Appellees, v. WESTING E. PENCE *et al.*, Defendants-Appellants.

Second District    No. 2—01—0099

Opinion filed May 23, 2002.

Robert F. Van Epps and Joerg Seifert, both of Van Epps & Seifert, of Elmhurst, for appellants.

Peter A. Silverman and Michael K. Desmond, both of Figliulo & Silverman, P.C., of Chicago, for appellees.

JUSTICE CALLUM delivered the opinion of the court:

Plaintiffs, Lawrence and Jennifer Rolando, purchased a house from defendants, Westing and Barbara Pence, and subsequently experienced problems with a leaking roof. Plaintiffs sued defendants for, *inter alia*, fraudulent misrepresentation based on disclosures defendants made in connection with the transaction. Following plaintiffs' case in chief, defendants moved for a directed finding, arguing that representations made pursuant to the Illinois Residential Real Property Disclosure Act (the Act) (765 ILCS 77/1 *et seq*. (West 1998)) cannot form the basis for a fraudulent misrepresentation claim. The court denied the motion. Following the bench trial, the court granted judgment in favor of plaintiffs on the fraud count and awarded them $59,000 in damages. Defendants appeal, challenging the denial of their motion and the judgment. We affirm.

Defendant Westing Pence, an architect, designed and built the home that he and his wife sold to plaintiffs.

Defendants moved into the home in 1988. They experienced leaks in the living room and kitchen in 1993, which Westing Pence testified that he repaired and of which there was no recurrence. Defendants again experienced leaking in 1994 in the toilet closure and around the chimney. Pence stated that he repaired those leaks without subsequent recurrence. Leaking occurred again in 1995 near the kitchen windows,

in the garage ceiling, and on the west side of the living room, all of which Pence stated that he repaired and of which there was no recurrence. All of his repairs consisted of the application of silicone to the affected areas.

Westing Pence testified that there were no leaks in the home from the summer of 1996 through March 25, 1998, the date that defendants turned over possession to plaintiffs.

On February 23, 1998, plaintiffs had entered into a contract with defendants to purchase defendants' home. Defendants completed and tendered to plaintiffs a "Residential Real Property Disclosure Report" (Disclosure Report). 765 ILCS 77/20 (West 1998). In the Disclosure Report, the defendants answered "no" to the statement "I am aware of material defects in the roof, ceilings or chimney of the home."

Plaintiffs moved into the home shortly after their purchase. Lawrence Rolando testified that they began experiencing leaks from the roof in various rooms between April and June of 1998. The situation worsened such that he had to place a tarp over part of the roof. Rolando testified that plaintiffs found evidence of previous leaks and repairs throughout the home, none of which were discovered by their home inspector.

On November 29, 1999, plaintiffs sued defendants, for, *inter alia*, fraudulent concealment and fraudulent misrepresentation. In the fraudulent concealment count, plaintiffs alleged that defendants actively concealed evidence of leaks by, among other methods, painting over the affected areas. With respect to their fraudulent misrepresentation count, plaintiffs alleged that defendants knew that their answer in the Disclosure Report was false; that they had actual knowledge of material damage to the home caused by water leaking from the roof; that they knew that plaintiffs would rely on their representation in the Disclosure Report; that this statement constituted a material misrepresentation made to induce plaintiffs to purchase the property; and that plaintiffs relied on defendants' representation.

After plaintiffs' case in chief, defendants moved for a directed finding, arguing that (1) plaintiffs did not introduce any representation other than the answer in the Disclosure Report, which cannot form the sole basis for a fraudulent misrepresentation claim; and (2) plaintiffs did not establish that they relied on any representation in the Disclosure Report because they retained an independent home inspector to examine the home. The court denied their motion. Ultimately, the court granted judgment in favor of plaintiffs, and defendants appealed. Defendants argue first that the court erred in denying their motion because (1) plaintiffs failed to establish any representations of material fact, other than the representation made

pursuant to the Act; and (2) plaintiffs failed to establish that defendants had a duty to disclose defects that they reasonably believed were corrected.

Plaintiffs challenge defendants' ability to contest the denial, arguing that defendants waived such right by presenting evidence in their defense.

■ Section 2—1110 of the Code of Civil Procedure provides:

> "In all cases tried without a jury, defendant may, at the close of plaintiff's case, move for a finding or judgment in his or her favor. In ruling on the motion the court shall weigh the evidence, considering the credibility of the witnesses and the weight and quality of the evidence. If the ruling on the motion is favorable to the defendant, a judgment dismissing the action shall be entered. If the ruling on the motion is adverse to the defendant, the defendant may proceed to adduce evidence in support of his or her defense, *in which event the motion is waived*." (Emphasis added.) 735 ILCS 5/2—1110 (West 1998).

Defendants respond that they presented evidence in defense of only the fraudulent concealment count; therefore, they did not waive their motion with respect to the fraudulent misrepresentation count. We agree.

■ When construing a statute, a court must give the statutory language its plain meaning and must import to the statute the fullest possible meaning to which it is susceptible. *People v. Ferrell*, 277 Ill. App. 3d 74, 77 (1995). The primary rule of statutory construction is to ascertain and give effect to the true intent of the legislature, and the legislative intent is best determined by the language of the statute. *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 97 (1996). Where the statutory language is unambiguous, it is given effect without resort to other aids of statutory construction. *Augustus*, 278 Ill. App. 3d at 97. A statute is ambiguous if it is capable of more than one reasonable interpretation. *Paciga v. Property Tax Appeal Board*, 322 Ill. App. 3d 157, 161 (2001).

■ We find that the language in the statute is capable of only one reasonable interpretation and, thus, is unambiguous. Section 2—1110 provides that, where a ruling is adverse to the defendant, the defendant waives his or her motion by presenting evidence "in support of his or her defense." 735 ILCS 5/2—1110 (West 1998). We note that, in a multiple-count case, a "defense" may be limited to only one count. Thus, we hold that, if the defendant presents no defense on the other counts, he or she does not waive the motion with respect to those counts. Indeed, the opposite result would be absurd, as it would allow a defendant to waive an attack on a claim that he or she never

defended. See *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000) (when interpreting a statute, courts presume that the legislature did not intend absurdity, inconvenience, or injustice).

■ Here, defendants' case was limited to the testimony of Westing Pence. The testimony focused on the design and building of the home and the repairs that he undertook in response to a series of leaks. The testimony did not touch upon the Disclosure Report. We find that defendants did not waive their ability to challenge the denial of their motion as to the fraudulent misrepresentation count. We turn next to their challenges.

Defendants argue first that a fraud claim cannot be based solely on representations made pursuant to the Act. Whether a statutorily mandated disclosure can be the sole basis for another claim is a question of law. We review questions of law *de novo*. *Philips Electronics N.V. v. New Hampshire Insurance Co.*, 312 Ill. App. 3d 1070, 1080 (2000).

Defendants argue that the sole representation upon which plaintiffs rely—their answer in the Disclosure Report—is significantly qualified by the Act and, therefore, cannot be used to assert that they made a false statement of material fact. Defendants further assert that the disclosures are intended to reflect the current condition of the premises and do not include previous problems that the seller reasonably believes have been corrected. 765 ILCS 77/35 (West 1998). They further argue that, as the Disclosure Report states, the fact that a seller is not aware of a problem does not guarantee that it does not exist. 765 ILCS 77/35 (West 1998).

Defendants acknowledge that section 45 of the Act provides that it "is not intended to limit or modify any obligation to disclose created by any other statute or that may exist in common law in order to avoid fraud, misrepresentation, or deceit in the transaction." 765 ILCS 77/45 (West 1998). However, they argue that, because the Act does not create any obligations to disclose beyond what is set forth in the Act, it is insufficient to characterize what is essentially a qualified representation made under the Act as independently fraudulent. We disagree.

■ Where a statute is unambiguous, we may not depart from its plain meaning by reading into it exceptions, limitations, or conditions that the legislature did not express. *Petersen v. Wallach*, 198 Ill. 2d 439, 446 (2002).

■ The Act provides, without exception, that it does not limit or modify any duty to disclose information in order to avoid liability for fraud. If we were to hold that a statement in a Disclosure Report was

insufficient to sustain a cause of action for fraud, we would render section 45 inoperative. We find that the provision is unambiguous. Thus, section 45 allows plaintiffs to seek recovery for fraudulent misrepresentation based solely on a disclosure made pursuant to the Act.

Defendants argue next that the trial court erred in denying their motion for a directed finding because plaintiffs failed to establish a *prima facie* case of fraudulent misrepresentation.

■ When considering a motion for a directed finding in a bench trial, a trial court determines whether the plaintiff has made out a *prima facie* case; it then weighs the evidence, including that which favors the defendant. *Orbeta v. Gomez*, 315 Ill. App. 3d 687, 690 (2000). A reviewing court will not reverse a trial court's determination of a motion for a directed finding unless it is contrary to the manifest weight of the evidence. *Orbeta*, 315 Ill. App. 3d at 690. A trial court's judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when its findings appear to be unreasonable, arbitrary, or not based on the evidence. *Judgment Services Corp. v. Sullivan*, 321 Ill. App. 3d 151, 154 (2001).

■ To prevail in a cause of action for fraud, a plaintiff must prove that (1) the defendant intentionally made a false statement of a material fact; (2) the plaintiff had a right to rely on that false statement; (3) the statement was made for the purpose of inducing reliance thereon; (4) the plaintiff in fact relied on the statement; and (5) the plaintiff suffered injury as a direct result. *Ollivier v. Alden*, 262 Ill. App. 3d 190, 198 (1994). The dispute here focuses on the first two elements.

■ The trial court found that there was substantial evidence of a history of leaking problems with the roof for a significant period prior to the sale of the home to plaintiffs, and, given this history and defendants' unsatisfactory attempts at repairing the leaks, defendants could not have reasonably believed that the problems with the roof had been resolved.

We conclude that the court's findings were not against the manifest weight of the evidence. The evidence at trial showed that defendants experienced a series of leaking problems in the home from 1993 through the summer of 1996, a period of approximately 3 to 3½ years. The evidence further showed that no leaking occurred from the summer of 1996 through February 1998, a period of approximately 1½ years. It was not unreasonable for the court to find that there was substantial evidence of chronic leaking problems in the home. *Cf. Woods v. Pence*, 303 Ill. App. 3d 573, 576 (1999) (evidence of three to five repairs in a five-year period raises at least an inference of a chronic condition that has not been permanently eliminated).

The evidence also supported the court's findings that defendants had knowledge of the pervasive problems with the roof and that they knew that the limited repairs they had made were insufficient to correct the problems. Westing Pence testified that he undertook all of the repairs on his own and that the repairs consisted solely of the application of silicone to the affected areas. Andrew Krauklis, a licensed architect and structural engineer, testified that there was no reasonable basis to believe that the repairs were sufficient to permanently stop the leaks in the house. He stated that Pence's efforts constituted a "band-aid" approach to correcting the problems. We find that the record supports the court's finding that defendants' repairs were insufficient to repair the leaks.

For these reasons, we conclude that plaintiffs established a *prima facie* case of fraudulent misrepresentation and that the trial court's denial of defendants' motion for a directed finding was not against the manifest weight of the evidence.

Defendants challenge next the trial court's judgment in favor of plaintiffs. They argue that the court erred when it permitted plaintiffs' expert witness, Krauklis, to testify regarding damages because his testimony was based solely on hearsay estimates prepared by others who did not testify. They further argue that the court erred in awarding damages based upon incompetent testimony.

In a bench trial, it is the function of the trial judge to weigh the evidence and make findings of fact. *Kalata v. Anheuser-Busch Cos.*, 144 Ill. 2d 425, 433 (1991). In cases where the evidence is close and where findings of fact must be determined from the credibility of the witnesses, a court of review will defer to the trial court's factual findings unless they are against the manifest weight of the evidence. *Kalata*, 144 Ill. 2d at 433.

Defendants argue that Krauklis did not make any independent determinations or estimates regarding necessary repairs to the home. They further argue that Krauklis did not inspect the roof until eight months after defendants tendered the Disclosure Report to plaintiffs and that he did not inspect the interior of the home until February 2000, two years after the transaction. Thus, they assert, he could not accurately estimate the cost of required repairs to the home.

The record does not support defendants' position. During direct examination, Krauklis gave his own estimates on the issue of damages. Defendants focus solely on Krauklis's review, during cross-examination, of the proposals submitted by other consultants and the estimates prepared by plaintiffs, none of which were admitted into evidence.

The trial court stated that its award was based solely on Krauk-

lis's estimates. Defendants presented no evidence to contradict Krauklis's testimony and did not offer expert testimony of their own. We conclude that the court's judgment and its award of damages are not against the manifest weight of the evidence.

For these reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

BOWMAN and KAPALA, JJ., concur.