# Illinois Official Reports

## Appellate Court

---

**Blevins v. Marcheschi, 2018 IL App (2d) 170340**

---

| | |
|---|---|
| Appellate Court Caption | BRADLEY E. BLEVINS and ANNE KINSELLA BLEVINS, Plaintiffs-Appellants, v. JOHN MARCHESCHI, LAURA MARCHESCHI, and GREAT HOUSE REAL ESTATE, LLC, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-17-0340 |
| Filed | April 24, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 15-L-137; the Hon. Brian R. McKillip, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Reese J. Peck and Kaitlyn Anne Wild, of Rathje & Woodward LLC, of Wheaton, for appellants.<br><br>John D. Dalton and Joseph R. Fortunato Jr., of Kaufman Dolowich & Voluck, LLP, of Chicago, for appellees. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion.<br>Justices Zenoff and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1      Plaintiffs, Bradley E. Blevins and Anne Kinsella Blevins, sued defendants, John Marcheschi, Laura Marcheschi, and Great House Real Estate, LLC, for breach of contract, consumer fraud, fraudulent misrepresentation, and negligent misrepresentation based on defendants' failure to disclose water damage in the house they sold to plaintiffs. The trial court granted defendants' motion to dismiss plaintiffs' complaint, without prejudice, pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2014)). The court ruled that, because plaintiffs' complaint was based on the Residential Real Property Disclosure Report (Disclosure Report) completed by the Marcheschis, it was untimely under the one-year statute of limitations set forth in the Residential Real Property Disclosure Act (Disclosure Act) (765 ILCS 77/60 (West 2014)). Then, striking the allegations regarding the Disclosure Report from the complaint, the court found the complaint insufficient to state a cause of action. Plaintiffs filed an amended complaint and a second amended complaint, preserving their rights on appeal by incorporating the claims in the original complaint. The court dismissed those complaints without prejudice. Thereafter, the court granted plaintiffs' request to dismiss the second amended complaint with prejudice.

¶ 2      On appeal, plaintiffs argue that the trial court erred in applying the Disclosure Act's one-year limitations period on the basis of the Disclosure Report, dismissing the complaint pursuant to section 2-619, and striking the allegations regarding the Disclosure Report. They also argue that the court erred in finding the complaint factually insufficient pursuant to section 2-615. We reverse and remand the cause with directions to reinstate the original complaint.

¶ 3                                      I. FACTS

¶ 4      Plaintiffs' pleadings alleged the following facts. On August 21, 2012, plaintiffs purchased from defendants a single-family home in Glen Ellyn, Illinois. The contract specifically referenced the residential real estate disclosures required by statute, including the Disclosure Report required by the Disclosure Act (*id.* §§ 20, 35). In the Disclosure Report, defendants represented that they were not "aware of material defects in the walls or floors."

¶ 5      On or about October 22, 2012, a few months after plaintiffs moved in, a painting contractor hired to paint the kitchen noticed an area of damaged gypsum wallboard on the western wall. He advised plaintiffs that the damage appeared to have been caused by water. He repaired it, but around January 2013, a mushroom-like material began to protrude from the damaged area. Plaintiffs retained KJN Renovations (KJN) to remediate the damage. Plaintiffs also retained GZA GeoEnvironmental, Inc. (GZA), to investigate during the remediation process.

¶ 6      On August 28, 2013, materials were removed from the damaged wall and significant damage was located inside the wall. The damage included water-damaged trim work and gypsum wallboard, additional fungal growth, and nail corrosion, and the exterior facade of the wall was removed. Under the exterior facade, KJN and GZA found wet wood and water damage to exterior sheathing comprised of oriented strand board and to the wooden supports of the window bank. GZA issued a report (GZA Report) concluding that the conditions found under the wallboard were from water infiltration and that the infiltration and damage began before plaintiffs purchased the property. Further, considering the "chronic damage" and "the significance of the fungal contamination," GZA concluded that it was "inconceivable that [defendants] were not aware of the water damage, fungal growth, or building materials

impacts" within the wall. Plaintiffs incurred $45,640 in costs for the remediation of the damage.

¶ 7      On February 11, 2015, plaintiffs filed their original complaint, alleging breach of contract, consumer fraud, fraudulent misrepresentation, and negligent misrepresentation. Defendants filed a motion to dismiss pursuant to sections 2-619 and 2-615. They argued that, because the allegations were all based on the Marcheschis' representation in the Disclosure Report that they were unaware of any material defects in the walls, the Disclosure Act's one-year limitations period applied and the complaint was therefore barred. *Id.* § 60. Defendants also maintained that "[t]here is not one fact in the complaint that gives any real basis for saying [defendants] knew of water infiltration or water damage" and that plaintiffs attempted to fill this factual void with an opinion from a contractor.

¶ 8      As for defendants' argument regarding section 2-619, the court applied the Disclosure Act's one-year limitations period because it "believe[d] that the gist of each and every count in the complaint [was] based upon the [Disclosure Act]." The court stated that, "when you use [the Disclosure Report] as the underlying basis and you state that that was a fact that was misstated or an omission, then I think [you are] invoking the [Disclosure Act] and the actual remedies given in that [Act]."

¶ 9      In addressing defendants' argument under section 2-615, the court stated:

> "[B]ecause if I take those allegations out of the complaint, strike them and then read the complaint and each and every count again and striking what I'm talking about is the actual contract any allusion to or statement regarding the facts contained in the Real Estate Residential Disclosure Act, and you strike those out of the complaint, you will see that the complaint is insufficient to state a cause of action as far as the standard needed as to facts regarding a third situation, which would be—the third situation would be a situation where statements are made by the defendants to the plaintiff, some type of oral or written statement outside of the Real Estate Residential Disclosure Report."

¶ 10      The court granted defendants' motion to dismiss and dismissed the complaint without prejudice, granting plaintiffs leave to file an amended complaint, including claims "with regard to other situations or that they can place in the complaint that do not include statements contained in the Residential Real Property Disclosure Report."

¶ 11      Plaintiffs filed an amended complaint, reiterating their argument regarding the inapplicability of the Disclosure Act and explaining that the trial court had made it "impossible for Plaintiffs to file an amended complaint that fully complies with the Court's order." Preserving their rights on appeal, plaintiffs stated in the amended complaint that they "are not replacing their original Complaint and fully incorporate the claims stated therein as though fully restated and realleged in this Amended Complaint." Plaintiffs also attached a copy of the original complaint as an exhibit to the amended complaint.

¶ 12      The amended complaint alleged the same four causes of action as in the original complaint—breach of contract, consumer fraud, fraudulent misrepresentation, and negligent misrepresentation—but made no allegations regarding the Disclosure Report. However, plaintiffs attached a copy of the GZA Report as an exhibit to support the allegations regarding the cause and duration of the damage to the kitchen wall. Defendants filed a motion to dismiss

and a motion for leave to file motions for sanctions and attorney fees.[1] Defendants restated and incorporated by reference their motion to dismiss the original complaint and their response to plaintiffs' motion to reconsider.

¶ 13 Following arguments, the trial court dismissed the amended complaint without prejudice. The court found no support for the breach-of-contract claim because the contract imposed no obligation on defendants to disclose the water damage to the property. The court also found that the allegations regarding the condition of the property and the GZA Report did not support the fraud or misrepresentation claims. It struck all four causes of action under section 2-603 of the Code (735 ILCS 5/2-603 (West 2014)) and recommended that plaintiffs allege more "ultimate facts" in their next amended complaint.

¶ 14 Plaintiffs filed a second amended complaint, alleging the same four causes of action. The complaint contained no allegations regarding the Disclosure Report, but plaintiffs again fully incorporated the claims of the first two complaints to preserve those claims for purposes of appeal. Defendants moved to dismiss, arguing that the claims suffered from the same pleading deficiencies that the previous complaints had.

¶ 15 The trial court granted the motion to dismiss, without prejudice. Plaintiffs, however, requested that the second amended complaint be dismissed with prejudice, and the court granted their request. Plaintiffs timely appeal.

¶ 16                                    II. ANALYSIS
¶ 17                              A. Section 2-619 Motion
¶ 18 Plaintiffs first contend that the trial court erred in dismissing the complaint as untimely pursuant to section 2-619. A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts affirmative matter to avoid or defeat the claim. *Lamar Whiteco Outdoor Corp. v. City of West Chicago*, 355 Ill. App. 3d 352, 359 (2005). "When ruling on such motions, a court must accept as true all well-pleaded facts, as well as any reasonable inferences that may arise from them [citation], but a court cannot accept as true mere conclusions unsupported by specific facts." *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Our review of a dismissal under section 2-619 is *de novo*. *Id.*

¶ 19 Plaintiffs argue that the trial court erred in invoking the Disclosure Act's one-year limitations period to bar the original complaint because the claims were based on the Disclosure Report and that it then erred in striking the allegations related to the Disclosure Report. We agree.

¶ 20 While section 60 provides that actions brought pursuant to the Disclosure Act may not be commenced later than one year from the earliest of the date of possession, the date of occupancy, or the date of recording (765 ILCS 77/60 (West 2014)), section 45 provides that the Disclosure Act "is not intended to limit or modify any obligation to disclose created by any other statute or that may exist in common law in order to avoid fraud, misrepresentation, or deceit in the transaction." *Id.* § 45.

¶ 21 In *Rolando v. Pence*, 331 Ill. App. 3d 40 (2002), we held that the Disclosure Act provides, "without exception, that it does not limit or modify any duty to disclose information in order to

---

[1]On March 22, 2016, defendants were granted leave to file a motion for sanctions. Defendants never filed such a motion.

avoid liability for fraud." *Id.* at 45. Accordingly, we found that section 45 was unambiguous, and we allowed the buyers to seek recovery for fraudulent misrepresentation based solely on a disclosure made pursuant to the Disclosure Act. *Id.* at 46. We further noted that, "[i]f we were to hold that a statement in a Disclosure Report was insufficient to sustain a cause of action for fraud, we would render section 45 inoperative." *Id.* at 45-46.

¶ 22    In *King v. Ashbrook*, 313 Ill. App. 3d 1040 (2000), an interlineation at the addendum section of a contract to purchase a home indicated that an attached Disclosure Report stated that the defendant was aware of basement and roof defects that were to be fixed before the plaintiffs purchased the property. More than one year after the parties entered into the contract, the plaintiffs sued the defendant for breach of contract upon discovering that the disclosed defects were not fixed prior to closing as agreed in the contract. *Id.* at 1041-42. On appeal, the defendant argued that the trial court erred in finding that the Disclosure Act's limitations period was not applicable to the breach-of-contract action. The appellate court disagreed. "The fact the disclosure report became part of the contract did not eliminate plaintiff's right to sue for a breach of contract or change the statute of limitations for breach of contract. The Disclosure Act does not limit or change a purchaser's common-law remedies." *Id.* at 1044.

¶ 23    Here, none of plaintiffs' claims were brought under the Disclosure Act. As in *Rolando* and *King*, the fact that the claims arose from the Marcheschis' representation in the Disclosure Report that they were unaware of material defects in the walls did not eliminate plaintiffs' right to sue for breach of contract, consumer fraud, fraudulent misrepresentation, or negligent misrepresentation. Taking plaintiffs' claims as true, as we must, the Marcheschis' misrepresentation is actionable under the common-law theories in plaintiffs' original complaint, despite the fact that it was "manifested in the false Disclosure Report." As plaintiffs maintain, "[h]ad the Marcheschis' misrepresentations been spoken rather than set out in the Disclosure Report, there would be no dispute as to what statute of limitation applies." The Disclosure Act's one-year limitations period does not govern plaintiff's common-law actions. See 765 ILCS 77/45 (West 2014).

¶ 24    In sum, the Disclosure Act does not limit plaintiffs' ability to bring claims based on the common law or other statutes, and plaintiffs can rely on the disclosures made pursuant to the Disclosure Act to seek recovery on such theories. We therefore find that the trial court erred not only by invoking the Disclosure Act's one-year limitations period because the claims were based on the Disclosure Report but also by striking any reference to those disclosures from plaintiffs' complaint. Defendants do not dispute plaintiffs' argument that, except for the application of section 60 of the Disclosure Act, plaintiff's causes of action were all timely. Accordingly, we find that the trial court erred by granting the section 2-619 motion to dismiss.

¶ 25                                B. Section 2-615 Motion

¶ 26    Plaintiffs next contend that the trial court erred by granting defendants' motion to dismiss the complaint pursuant to section 2-615. A section 2-615 motion to dismiss tests the legal sufficiency of the complaint, based on defects apparent on its face. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. A section 2-615 motion presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff and with all well-pleaded facts and all reasonable inferences that may be drawn from those facts taken as true, are sufficient to state a cause of action upon which relief may be granted. *Id.* ¶ 16. A section 2-615 dismissal is reviewed *de novo*. *Id.* ¶ 15.

¶ 27    Defendants first counter that the allegations concerning the disclosures under the Disclosure Act must be removed due to the Act's one-year limitations period. We held above that this argument fails.

¶ 28    Defendants next argue that plaintiffs alleged only conclusions and opinions, unsupported by facts, that a false statement was knowingly made and relied upon. In particular, defendants claim that there was not one actual fact alleged in the complaint to show that defendants knew of water infiltration or water damage.

¶ 29    Illinois is a fact-pleading state, which means that, although pleadings are to be liberally construed and formal or technical allegations are not necessary, a complaint must, nevertheless, contain facts to state a cause of action. *People ex rel. Fahner v. Carriage Way West, Inc.*, 88 Ill. 2d 300, 308 (1981). A complaint is deficient when it fails to allege facts necessary for the plaintiff to recover. But a pleader is not required to set out his evidence. Only the ultimate facts to be proved should be alleged and not the evidentiary facts tending to prove such ultimate facts. *Id.* "A statement of a defendant's knowledge is an allegation of ultimate fact and not a conclusion." *Ward v. Community Unit School District No. 220*, 243 Ill. App. 3d 968, 974 (1993). The plaintiff need not plead the evidentiary facts that he will use to prove the defendant's knowledge. *Board of Education of the Kankakee School District No. 111 v. Kankakee Federation of Teachers Local No. 886*, 46 Ill. 2d 439, 446-47 (1970).

¶ 30    The original complaint in this case alleged that defendants knew that there was water infiltration and water damage in or about the damaged wallboard.[2] This satisfies the pleading requirement that plaintiffs need allege only ultimate facts, not evidentiary facts. *Id.*; *Borcia v. Hatyina*, 2015 IL App (2d) 140559, ¶ 21. (We note that the second amended complaint included the same allegations.) Because plaintiffs pled the necessary ultimate facts to bring their claims within the causes of action alleged, the original complaint was sufficient. We hold that the trial court erred in dismissing the original complaint pursuant to section 2-615.

¶ 31                             III. CONCLUSION

¶ 32    For the preceding reasons, the judgment of the circuit court of Du Page County is reversed and the cause is remanded with directions to reinstate the original complaint.

¶ 33    Reversed and remanded with directions.

---

[2]This was supported by the factual allegation that, based on the condition of the wallboard, GZA determined that it is inconceivable that the Marcheschis were not aware of the water damage.